**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No.2:17-cr-136-FtM-99MRM**

**ROMEO VALENTIN SANCHEZ**

_____/

**RENEWED MOTION TO EXCLUDE PROPOSED EXTRINSIC EVIDENCE**

The defendant, ROMEO VALENTIN SANCHEZ, by and through undersigned counsel, hereby renews his previously filed motion to exclude the government's proposed extrinsic evidence, and states as follows:

**I.      PROCEDURAL HISTORY**

On November 20, 2018, the government served by letter a Notice of Intention to Use Evidence Pursuant to Federal Rules of Evidence 404(b), 414, and/or 609. (Exhibit A). On December 7, 2018, Mr. Sanchez filed a motion to exclude this evidence. (Doc. 67).  On December 9, 2018, the government filed a superseding indictment which added a Count Seven alleging a violation of 18 U.S.C. § 2260A for allegedly committing an offense involving a  minor while being required to register as a sex offender. Additionally, as to Counts Three and Five (production of child pornography) the government added the allegations that Mr. Sanchez has a prior conviction under Article 120 of the Code of Military Justice. The reason for this addition is solely to increase the statutory penalties.

On December 26, 2018, the Court *sua sponte* issued an Endorsed Order denying Mr. Sanchez's motion as moot in light of the superseding indictment and granting Mr. Sanchez until January 11, 2019 to file any renewed motions deemed necessary. (Doc. 78).  For the reasons that follow, Mr. Sanchez maintains that his original motion to exclude is unaffected by the government's superseding indictment. As the motion was denied as moot, in large part it is re-stated herein.

II.     **FACTUAL BACKGROUND AND CHARGES**

On March 30, 2017, Mr. Sanchez's former girlfriend made a complaint to the Cape Coral Police Department alleging that she believed he was now involved in a relationship with her underage sister, identified in the indictment and police reports as "CRP." A search of CRP's phone revealed sexually suggestive photographs and videos or herself which, she claimed, had been forwarded to Mr. Sanchez via Snapchat. A search of a cellular telephone purporting to belong to Mr. Sanchez allegedly contained images of CRP as well as the contents of on-line chats between the two.  CRP further alleged a sexual relationship with Mr. Sanchez commencing in April, 2016.

On June 22, 2017, Mr. Sanchez was arrested at his place of employment. At that time a second cellular phone was seized and searched pursuant to a search warrant. This phone allegedly contained images and videos from a second underage female identified as AEP. It also allegedly contained on-line chats purporting to be between Mr. Sanchez and AEP. It is further alleged that Mr. Sanchez communications with AEP were by using the subterfuge that he was a teenage boy by the name of Gian. There is no claim of sexual activity between Mr. Sanchez and AEP.

2

The multi-count superseding indictment alleges:

Count One, April 1, 2016-April 30, 2017, enticement of CRP to engage in criminal sexual activity, to wit: production of  child pornography, lewd and lascivious sexual battery/lewd and lascivious sexual molestation, and sexual performance by a child, all in violation of 18 U.S.C. § 2422(b);

Count Two, April 1, 2016-April 30, 2017, enticement of CRP to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e);

Count Three, April 25, 2016-April 30, 2017 possession of a cellular telephone containing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and  (b)(2);

Count Four: May 26, 2017-June 10, 2017, enticement of AEP to engage in criminal sexual activity, to wit: production of child pornography, lewd and lascivious battery, and sexual performance by a child all in violation of 18 U.S.C. § 2422(b);

Count Five: May 26, 2017-June 10, 2017 enticement of AEP to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e);

Count Six: May 22, 2017-June 22, 2017 possession of a cellular telephone containing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and  (b)(2).

The new Count Seven provides: "[f]rom on or about April 1, 2016 through on or about June 10, 2017, Mr. Sanchez committed a felony offense involving a minor, to wit the offense in Count One and Count Two and Count Four and Count Five of this Superseding Indictment, at times when ROMEO VALENTIN SANCHEZ was required to register as a sex offender under the laws of the United States and the State of Florida."

III.    **GOVERNMENT'S PROPOSED EXTRINSIC  EVIDENCE**

The government's notice describes the proposed extrinsic evidence:

1.  Evidence of the defendant's prior convictions for sex offenses and their descriptions, as set forth in the discovery at bates range 542-546;

2.  Evidence related to the defendant's inappropriate contact, including the solicitations and receipt of child pornography from another minor victim, S.V., as described in discovery at bates range 359-386, and depicted in the imagery of sexually explicit conduct involving a minor that has been available for review since the beginning of discovery.

The notice simply says that the proposed evidence is being offered "for most purposes contained in those rules, and potentially for other purposes depending on the issues the defendant contests as trial."

The convictions referred to in paragraph 1 relate to Mr. Sanchez's charges under the Code of Military Justice during his service in the United States Air Force. While he was not convicted of the majority of the accusations against him, the discovery provided references one conviction for an offense committed on or about June 10, 2010 under Article 92 with a specification for disobeying an order not to have social contact with a minor under the age of 18. There is no indication in the charging documents that this was a sexual offense. Mr. Sanchez was also convicted of an offense under Article 120 alleging indecent conduct between February 1, 2010 and March 31, 2010, with a specification that he "wrongly commit[ted] indecent conduct, to wit: sending a picture of himself holding his

exposed penis and a picture of a woman with her breasts and buttocks exposed to GS, then a child under16 years of age, over the internet."

As to paragraph 2 of the notice, the discovery relating S.V. consists of a statement made to Cape Coral Police Detective Jason Hicks on June 28, 2017. S.V. was entering her senior year in high school at the time of the statement. She indicated that she had first been contacted by "Romeo" through a Facebook text. Romeo, according to this statement indicated that he saw or knew her from somewhere. She indicated that their subsequent on-line communications became of a sexual nature. She indicated that she had sent nude photographs to Romeo at his request. She could not remember how old she was at the time she first came in contact with Romeo, alternatively placing it, at Detective Hicks' suggestion, at between 13 and 15 years old. She agreed with Detective Hicks' suggestion that it would have been in 2012 or 2013.  As she stated was born in 1998, this would have placed her at 14 or 15 years old at that time. She identified two photographs of herself from one of the phones seized from Mr. Sanchez. Evidently one of the photographs was sent on June 21, 2014 and one on July 3, 2014. It is unclear that either photograph constituted child pornography.

S.V. was clear that she never had a sexual relationship with "Romeo." In fact she never met him in person when she was a minor. Although they met a couple of times when she was an adult, even then she was never alone with him. Most recently in 2017 he came to her house to do her mother's nails.

## IV.    THE RULES

Federal Rule of Evidence 404(b) requires that the government must provide notice

at a reasonable time prior to trial should it intend to introduce evidence at trial of other wrongs or acts committed by the defendant which are outside of the charged indictment, and which are relevant to an issue other than the defendant's bad character. The Rule provides:

**Other Crimes, Wrongs, or Acts**.--

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Rule 414 provides:

**Similar Crimes in Child Molestation Cases**

a) Permitted Uses. In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

(b) Disclosure to the Defendant. If the prosecutor intends to offer this evidence, the prosecutor must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony. The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause.

(c) Effect on Other Rules. This rule does not limit the admission or consideration of evidence under any other rule.

(d) Definition of "Child" and "Child Molestation." In this rule and Rule 415:

(1) "child" means a person below the age of 14; and

(2) "child molestation" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:

(A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;

(B) any conduct prohibited by 18 U.S.C. chapter 110;

(C) contact between any part of the defendant's body--or an object--and a child's genitals or anus;

(D) contact between the defendant's genitals or anus and any part of a child's body;

(E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or

(F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E).

## V.   THE PROPOSED EVIDENCE DOES NOT MEET THE REQUIREMENTS FOR ADMISSION UNDER RULE 404(b)

The Eleventh Circuit Court of Appeals employs a three-part test to determine whether a district court properly admitted evidence of prior bad acts under Rule 404(b). "First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act." *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) *(en banc)* (footnote omitted); see also *United States v. Beechum*, 582 F.2d 898, 901 n.1 (5th Cir. 1978) (*en banc*). "Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of [Fed. R. Evid.] 403." *Miller*, 959 F.2d at 1538; *United States v. Phaknikone*, 605 F.3d 1099 (11th Cir. 2010). Factors that militate against admissibility are: (1) the lack of similarity between the charged and extrinsic offenses and (2) the temporal remoteness of the uncharged acts. *Beechum*, 582 F.2d at 915.

Under the first prong, "the evidence must be relevant to an issue other than the defendant's character," the court in *Beechum* stated:

> The rule follows the venerable principle that evidence of extrinsic offenses should not be admitted solely to demonstrate the defendant's bad character. Even though such evidence is relevant, because a man of bad character is more likely to commit a crime than one not, the principle prohibits such evidence because it is inherently prejudicial. . . .

Accordingly, because of the "inherent prejudice" recognized in *Beechum,* and likelihood that the issues will be confused by the jury, there must be a specific need for the extrinsic evidence, and the evidence must meet that need, without running afoul of Rule 403. *See United States v. Bake*r 432 F.3d 1189, 1205 (11th Cir. 2005)(citing *Miller*, 959 F.2d at 1538 (11th Cir.1992)).

It is fundamental that "[e]vidence of extrinsic offenses is inadmissible to prove that the accused has the propensity to commit the crime charged." *United States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir.1993); see also *Baker*, 432 F.3d at 1207 (holding that the introduction of evidence which was only relevant to show that the defendant is more likely to commit crimes because he has done so in the past, is exactly the inference that Rule 404(b) forbids). The court in *Baker* further warned:

> Extrinsic evidence may lead the jury to conclude that, having committed a crime of the type charged, the defendant is likely to repeat it. [This] inference may be inimical to the long-standing rule that propensity to commit crimes should not be the basis of a conviction.

*Baker*, 432 F.3d at 1205.

As a threshold matter, the government's notice is deficient as it fails to set forth the specific purpose for the introduction of the evidence. To state "for most purposes contained in those rules, and potentially for other purposes depending on the issues the defendant contests as trial" is no notice at all.

Moreover, the government would not be able to articulate a legitimate purpose. Under the first prong in *Miller*, "the relevancy of the extrinsic act is a function of the degree of similarity between the Rule 404(b) evidence and the charged offense." (citing *Veltman*, 6 F.3d at 1489).

Even assuming that the Court could use the specified conduct as part of its analysis with respect to Mr. Sanchez's military conviction for indecent conduct under Article 120[1] (but see below), the offense was substantially different from any of the charged conduct in this case. It is alleged that Mr. Sanchez distributed a picture of *himself,* as well as of an apparently adult female, to a minor. There is no allegation that Mr. Sanchez enticed the underage female in that case to engage in sexual activity as is alleged in this case. Moreover, there is no allegation that he requested images, much less pornographic images. There is also no allegation of subterfuge as with the AEP allegations herein.

The S.V. allegations are also significantly different than in this case. First, there is a significant distinction between the images of sexual activity alleged in this case as opposed to simply the nude images allegedly sought from S.V.. As discussed below, the latter, in fact, may not be criminal. There is also no allegation of sexual conduct with S.V.. In fact, there is no allegation of any contact at all until she was an adult.

With respect to the second prong, the Eleventh Circuit has stated that the question of whether a defendant actually committed a prior extrinsic act is a jury question, unless

---

[1] Presumably the government does not suggest that the Article 92 conviction is admissible pursuant to Rule 404(b).

the court is convinced that the jury could not reasonably find that the defendant committed the alleged prior act. *See United States v. Dothard,* 666 F.2d 498, 502 (11th Cir. 1982)(citing *United States v. Guerrero*, 650 F.2d 728, 734(5th Cir. 1981); *United States v. Byers*, 600 F.2d 1130, 1132 (5th Cir. 1979); *Beechum*, 582 F.2d at 913 (quoting 21 Wright and Graham, Federal Practice and Procedure: Evidence s 5054, at 269 (1977)).

Mr. Sanchez was apparently convicted under the vague military offense of "indecent conduct" under Article 120. The conduct described in the specification does not necessarily establish the actual conduct as there may be non-fatal variances between the allegations and proof. *See United States v. Treat*, 73 M.J. 331, 336 (C.A.A.F. 2014)(in order "to prevail on a fatal variance claim, an appellant must show both that the variance was material and that he was substantially prejudiced thereby*"*).  Nor do all convictions for indecent conduct under Article 120 involve non-consensual sexual conduct or conduct involving minors. *See United States v. Quick,* 74 M.J. 517 (N-M. Ct. Crim. App. 2014), aff'd, 74 M.J. 332 (C.A.A.F. 2015)(upholding conviction for indecent conduct, based on defendant's participation in allegedly consensual group sexual encounter in his room in the barracks).

 As noted above, with respect to S.V., it is not altogether clear that Mr. Sanchez's conduct, even if accepted to be true, was criminal. Nude images of a minor are not in and of themselves child pornography. Federal law defines child pornography as "any visual depiction, including any photograph, film, video, picture, or computer or computer generated image or picture" where "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." *United States v. Holmes*, 814 F.3d

1246, 1250 (11th Cir. 2016). "Sexually explicit conduct," in addition to sex acts, includes masturbation and lascivious exhibition of the genitals or pubic area. *See* 18 U.S.C. § 2256(2)(A)(iii and v); *see also United States v. Dost*, 636 F. Supp. 828, 830 (S.D. Cal. 1986)(setting forth the factors which constitutes "lewd and lascivious exhibition of the genitals or pubic area). In the absence of evidence that the images involving S.V. met the requirements for child pornography, the government fails to establish the second prong for admissibility under Rule 404(b).

Even had the proposed extrinsic evidence met the first two prongs under *Miller,* the evidence should be excluded under Rule 403. Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Dominguez,* 242 F. App'x 645, 646-647 (11th Cir. 2007). Whether the probative value of the  extrinsic evidence  substantially outweighs its prejudicial effect calls for a "common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003) (quotation marks omitted).

In this case, whatever probative value the proposed extrinsic evidence may have is substantially outweighed by the unfair prejudice. As the government has failed to articulate its purpose, the government has failed to establish a need for the evidence. Nor

11

is one apparent.  Had the extrinsic allegations been more similar and less remote in time, the government may have had a stronger argument for admissibility.

The jury may well conclude that the extrinsic acts, regardless of their legality or relevance to these allegations, are morally reprehensible. Rather than providing it with relevant information, the admission of this evidence will merely serve to inflame the jury. Mr. Sanchez simply cannot receive a fair trial on the allegations for which he is on trial should the evidence be admitted.  The jury will doubtlessly conclude that if Mr. Sanchez committed either of the extrinsic acts that he has the propensity to commit sexual offenses, and, therefore, is likely guilty of the charged offenses as well. This is precisely what Rule 404(b) does not permit, and what Rule 403 is designed to prevent.

## VI.   THE PROPOSED EVIDENCE DOES NOT MEET THE REQUIREMENTS OF RULE 414

For evidence admitted to be admitted under Rule 414 it must meet three threshold requirements. The district court must determine (1) the defendant is accused of a crime involving child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant. *See United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007)(internal citations omitted)(discussing the requirements of Rules 413 and 414). "Rule 414 is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *United States v. LeMay*, 260 F.3d 1018, 1022 (9th Cir. 2001).

Even where evidence is determined to be relevant, admissibility under Rule 414 is subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence

if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* The Eleventh Circuit has made clear that Rule 403 applies to evidence offered under Rule 414, *See United States v. Woods*, 684 F.3d 1045, 1064–65 (11th Cir. 2012).

Again, the government's notice is insufficient to specify the purpose for the introduction of the extrinsic evidence offered under Rule 414. Therefore, there is no basis to evaluate the relevancy of the proposed evidence.

Regardless, neither of the extrinsic allegations offered by the government meet the facial requirements of Rule 414. Rule 414(a) is clear both that the charged offense and the extrinsic offense must involve child molestation. The definition of "child" is specifically limited to person below the age of 14. *See* Rule 414(d)(1). "Molestation" includes various forms of actual contact in addition to conduct which violates chapters 109A and 110. *See* Rule 414(d)(2).

Here, the proposed extrinsic evidence involves neither a "child" nor "molestation." With respect to the military conviction, while distribution of *child* pornography may well constitute "child molestation" for purposes of Rule 414(d)(2)(B) (any conduct prohibited by 18 U.S.C. chapter 110),[1] there was no accusation that Mr. Sanchez did so. Rather the allegation was that he sent a picture of *himself* holding his exposed penis and a picture of a woman, not alleged to be a minor, with her breasts and buttocks exposed to GS, then a child under 16 years of age.  S.V. was vague as to when her communication with "Romeo" began. In any event, the two photographs in question would have been sent when she was 15 or 16 years old. Therefore, there is no evidence that she was a *child*

---

[1] See 18 USC § 2252A(a).

for purposes of Rule 414 at the time. Moreover, as the images in question may have been limited to mere nudity, they may not be considered child pornography and, therefore, not unlawful under Chapter 110.

For the reasons discussed with respect to the Rule 404(b), even had the extrinsic evidence constituted child molestation for purposes of Rule 414, it would still have had to be excluded under Rule 403.[1]

### VII.   Mr. Sanchez's Position is Unaffected by the Superseding Indictment

The superseding indictment does not affect the relief sought in Mr. Sanchez's initial motion.

As the government has chosen not to charge Mr. Sanchez with any conduct relating to "SV," any efforts to introduce evidence of the allegations pertaining to her would remain extrinsic to the indictment. Therefore, Mr. Sanchez's arguments in opposition to this evidence are unchanged. The same is true with respect to the evidence pertaining to Mr. Sanchez's prior military conviction.  Under *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998) the existence of a prior conviction, which provides the basis for a statutory sentencing enhancement, is merely a sentencing issue. Therefore, the government should not be permitted to present even the existence of the prior

---

[1] While the circuit courts have rejected constitutional challenges to Rule 414, see *e.g.*, *Lemay*, 260 F.3d at 1024, *United States v. Enjady,* 134 F.3d 1427, 1433-1434 (10th Cir. 1998), the Supreme Court has not addressed the issue. Mr. Sanchez maintains that Rule 414 violates due process principles by removing the longstanding ban on propensity evidence in criminal trials. He argues that the traditional rule precluding the use of a defendant's prior bad acts to prove his disposition to commit the type of crime charged is so ingrained as to be embodied in the due process clause of the Constitution.

conviction to the jury unless the evidence meets the requirements of Rule 404(b) or Rule 414, and is not excluded under Rule 403.

The relevant element with respect to Count Seven is whether Mr. Sanchez was required to register as a sex offender under federal or Florida law. The existence of this element does not give the government the opportunity to present the underlying facts of the prior conviction. In *Old Chief v. United States*, 519 U.S. 172, 174, 117 S. Ct. 644, 647 (1997), a possession of a firearm by a convicted felon prosecution, the Supreme Court held that the district court abuses its discretion when it spurns defendant's offer to admit the prior conviction, and instead admits full record of prior judgment of conviction. *See id.* The Court recognized the "name or nature of prior offense raises risk of verdict tainted by improper considerations," and thus reversible error occurred "when purpose of evidence is solely to prove element of prior conviction." *Id.* Here, it appears the government intends to go even further than what *Old Chief* prohibited by seemingly seeking to introduce the facts of the underlying prior case. Given that the relevant element is only the registration requirement, the government may be able to satisfy that element without even the introduction of the existence of the prior conviction. *See United States v. Slaughter*, 708 F.3d 1208, 1213-1214 (11th Cir. 2013)(evidence in a 2260A prosecution was presented by stipulation that the defendant was required to register as a sex offender at the time of the offense).

Wherefore, for the reasons stated reasons, Defendant, Romeo Sanchez moves this Court to grant his motion and exclude the government's proposed Rule 404(b)/414 evidence.

15

Respectfully submitted,

DONNA LEE ELM

Federal Defender

/s/ Russell K. Rosenthal
Russell K. Rosenthal
Florida Bar No. 0319244
Assistant Federal Defender
1514 Broadway Suite 301
Fort Myers Florida 33901
Telephone: 239 334-0397
russ_rosenthal@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of January 2019, a true and correct copy
of the foregoing has been filed in this Court and a copy was forwarded by electronic mail
through CM/ECF to Charles D. Schmitz, Assistant United States Attorney, 2110 First
Street, 3-137, Fort Myers, Florida 33901.

s/ Russell K. Rosenthal
Russell K. Rosenthal

16