UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 2:17-cr-136-FTM-99MRM

**ROMEO VALENTIN SANCHEZ**
_____/

**MOTION FOR SEVERANCE OF COUNTS AND MEMORANDUM OF LAW**

The defendant, ROMEO VALENTIN SANCHEZ, by and through undersigned counsel, moves this Court for a severance of Count Seven of the superseding indictment pursuant to Fed. R. Crim. P.14(a) and states as follows:

**BACKGROUND**

Mr. Sanchez was originally charged in a six count indictment as follows:

Count One, April 1, 2016-April 30, 2017, enticement of CRP to engage in criminal sexual activity, to wit: production of child pornography, lewd and lascivious sexual battery/lewd and lascivious sexual molestation, and sexual performance by a child, all in violation of 18 U.S.C. § 2422(b);

Count Two, April 1, 2016-April 30, 2017, enticement of CRP to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e);

Count Three, April 25, 2016-April 30, 2017 possession of a cellular telephone containing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2);

1

Count Four: May 26, 2017-June 10, 2017, enticement of AEP to engage in criminal sexual activity, to wit: production of child pornography, lewd and lascivious battery, and sexual performance by a child all in violation of 18 U.S.C. § 2422(b);

Count Five: May 26, 2017-June 10, 2017 enticement of AEP to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e);

Count Six: May 22, 2017-June 22, 2017 possession of a cellular telephone containing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

The essence of the government's allegations are that Mr. Sanchez enticed the minor, identified in the indictment as "CRP," to engage in sexual activity as well as to send him images which the government further contends meet the definition of child pornography. (Counts One through Three). The government makes similar allegations as the minor identified in the indictment as AEP, although there is no allegation of actual sexual conduct involving AEP. (Counts Three through Six).

The government has now filed a superseding indictment which adds a new Count Seven. This count alleges that "[f]rom on or about April 1, 2016 through on or about June 10, 2017, Mr. Sanchez committed a felony offense involving a minor, to wit the offense in Count One and Count Two and Count Four and Count Five of this Superseding Indictment, at times when ROMEO VALENTIN SANCHEZ was required to register as a sex offender under the laws of the United States and the State of Florida."[1]

---

[1] The only additional changes between the indictment and the superseding indictment as to that counts Three and Five, Mr. Sanchez has a prior conviction under Article 120 of the Code of Military Justice. The government's purpose in adding these

Mr. Sanchez maintains that he would be unfairly prejudiced by a single trial in which Count Seven is tried along with the other counts. Count Seven would require the government to present evidence that Mr. Sanchez was a registered sex offender at the time of the allegations in the remaining counts. This would preclude Mr. Sanchez from getting a fair trial as to those counts.  He therefore maintains that Count Seven must be severed from Counts One through Six of the indictment.

## MEMORANDUM OF LAW

A prejudicial joinder claim based on evidence adduced at trial, falls under Rule 14 of the Federal Rules of Criminal Procedure. *Schaffer v. United States.*, 362 U.S. 511, 514, 80 S. Ct. 945, 947 (1960); *see also United Stated v. Morales,* 868 F.2d 1562, 1568 (11th Cir. 1989) cited in *United States v. Fernandez,* 892 F.2d 976, 987 (11th Cir. 1990).

Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

In deciding a motion for severance, the Court "must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Zielie*, 734 F.2d 1447, 1464 (11th Cir.1984), *United States v.*

---

allegations to the superseding indictment was to attempt to increase the mandatory minimum and statutory maximum for the offense.

*Cuesta*, 597 F.2d 903 (5th Cir. 1979).  Severance mist be granted if the defendant demonstrates specific and compelling prejudice arising from a joint trial. *See United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir.1989). The level of prejudice claimed by the party seeking severance must amount to "fundamental unfairness." *United States v. Knowles*, 66 F.3d 1146, 159 (11th Cir. 1995). A defendant can show compelling prejudice by demonstrating that the jury would not be able to separate the evidence relevant to each count and defendant. *Id.* "The test for assessing compelling prejudice is whether under all of the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render and fair and impartial verdict." *United States v. Walse*r, 3 F.3d 380, 386-387(11th Cir. 1993).

     Evidence that Mr. Sanchez is a required to register as a sex offender will be fundamentally prejudicial as to presumption of innocence as to the remaining counts. The jury hearing that Mr. Sanchez was a registered sex offender, could only lead them to assume that he was a dangerous pedophile preying on young children and inflame the passions of the jury against him. Stated another way, once a jury learns he had been convicted of prior similar sex offenses, they would be unable to presume his innocence of, or critically examine the evidence regarding, the remaining charges.

     The Supreme Court and Circuit Courts of appeal have noted the dangers inherent in the admission of evidence of prior bad acts. These dangers include the risk that the jury will convict the defendant because his criminal disposition makes it more likely he

committed the crime on trial, or because the defendant is a bad person deserving of punishment, whether or not he committed the charged crime. *See Huddleston v. United States*, 485 U.S. 681, 686, 108 S.Ct. 1496, 1499--1500 (1988)("the jury may choose to punish the defendant for the similar rather than the charged act, or the jury may infer that the defendant is an evil person inclined to violate the law"); *Michelson v. United States*, 335 U.S. 469, 475--76, 69 S.Ct. 213, 218--19 (1948); *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982); *United States v. Powers*, 59 F.3d 1460 (4th Cir. 1995). This danger is even more pronounced than usual when the defendant is accused of a sex crime against a minor and the jury is told that he is a registered sex offender.

On a heightened standard of appellate review, the Eleventh Circuit Court of Appeals in *United States v. Slaughter*, 708 F.3d 1208, 1213-1214 (11th Cir. 2013) affirmed the trial court's decision not to bifurcate the trial where a defendant was charged both an enticement count under 18 U.S.C.§ 2422(b), as well as a violation of Section 2260A. At the same time, the court recognized that there was prejudice to the defendant. *See id.* However in light of the other evidence in the case, the court concluded that any additional prejudice resulting from the reading of a stipulation that the defendant was a registered sex offender was not so compelling that the defendant did not receive a fair trial. *See id.* This, the court concluded only that the mere reading of a stipulation that the defendant was a registered sex offender was not so prejudicial as to require reversal. *See id.* This, of course, was not an endorsement of the district court's pre-trial ruling. The

5

court simply held, looking at the evidence after the trial, the ruling was not an abuse of discretion, and therefore not flatly reversible.

Looking at this case in the first instance, Mr. Sanchez maintains that given the nature of the charges in this case, the introduction of evidence that he was a registered sex offender at the time of the allegations will be so prejudicial that he cannot possibly get a fair trial.

WHEREFORE, the defendant moves this Court for an Order severing Count Seven from the remaining counts in the superseding indictment.

Respectfully submitted,

DONNA LEE ELM
FEDERAL PUBLIC DEFENDER

/s/ Russell K. Rosenthal
Russell K. Rosenthal
Florida Bar No. 0319244
Assistant Federal Public Defender
1514 Broadway 3rd Floor
Ft. Myers, Florida 33901
Telephone: 239-334-0397

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of January 2019, a true and correct copy of the foregoing has been filed in this Court and a copy was forwarded by electronic mail through CM/ECF to Charles D. Schmitz, Assistant United States Attorney, 2110 First Street, 3-137, Fort Myers, Florida 33901

/s/ Russell K. Rosenthal
Russell K. Rosenthal