UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 2:17-cr-136-FtM-99MRM

ROMEO VALENTIN SANCHEZ

**UNITED STATES' MEMORANDUM**
**OF LAW REGARDING FORFEITURE**

The United States of America submits this memorandum in conjunction with the proposed special verdict for forfeiture and forfeiture jury instructions. If the defendant is convicted as charged in any or all of Counts One through Six of the Superseding Indictment, and if he requests a jury determination on forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(5), this memorandum outlines the procedure the government proposes the Court use with regard to the special verdict on forfeiture.[1] The United States will not request a jury determination on the forfeiture of the asset sought by the government.

[1] Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure requires the court to determine whether a party requests a jury determination on forfeiture before the jury retires to deliberate. There is no right to a jury determination on forfeiture where there is no jury determination on the guilt of the defendant.

Because forfeiture is an element of sentencing, no constitutional right exists to a jury determination on forfeiture. Further, no statute provides for a jury determination on forfeiture. However, pursuant to Rule 32.2(b)(5), a party may request that the jury find the nexus, or connection, between the property to be forfeited and the crimes for which a defendant has been found guilty pursuant to a jury trial, and the request must be made before the jury retires to deliberate. Fed. R. Crim. P. 32.2(b)(5)(A). Absent such request, no right to a jury determination on forfeiture arises.

## I. Allegations Against the Defendant

1. The defendant is charged in the Superseding Indictment with coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Counts One and Four), with production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts Two and Five), and with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4) (Counts Three and Six). (Doc. 71). Should the defendant be convicted of any or all of Counts One through Six of the Superseding Indictment, the United States will seek forfeiture of the Samsung Galaxy Note 4, Serial Number 990005895132265 and Samsung Galaxy S5 (SM-G900A), Serial Number R38F40JX55W which (1) were used or intended to be used to commit or to promote the coercion or enticement of a minor to engage in

sexual activity, as charged in Counts One and Four, or (2) were used or intended to be used to commit or to facilitate the production and attempted production of child pornography and/or possession of child pornography, as charged in Counts Two, Three, Five and Six.

The Court has scheduled a jury trial for February 19, 2019. Doc. 85.

## II. Forfeiture Statutes

The forfeiture of an asset used in the commission of a violation of 18 U.S.C. § 2422(b) (Counts One and Four) is governed by 18 U.S.C. § 2428, which provides as follows:

> The court, in imposing sentence on any person convicted of a violation of this chapter, shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person shall forfeit to the United States ---
>
> > (1) such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and
> >
> > (2) any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

18 U.S.C. § 2428(a). Pursuant to 28 U.S.C. § 2461(c), the procedure for the forfeiture and disposition of the asset is governed by 21 U.S.C. § 853.

The forfeiture of an asset used in the commission of a violation of 18 U.S.C. §§ 2251 and 2252 (Counts Two, Three, Five and Six) is governed by 18 U.S.C. § 2253, which provides as follows:

> **Property subject to criminal forfeiture**— A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter . . . shall forfeit to the United States such person's interest in—
>
> > **(1)** any visual depiction described in section 2251, 2251A, or 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains a visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter;
> >
> > **(2)** any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
> >
> > **(3)** any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

18 U.S.C. § 2253(a). Pursuant to 18 U.S.C. § 2253(b), the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

## III. Forfeiture Proceeding

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9

n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[2]

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. To have a jury determination on property subject to forfeiture, prior to the jury's commencement of deliberations regarding guilt, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a guilty verdict. Therefore, the United States requests that the Court ask the defendant, prior to the commencement of jury deliberations, if not sooner, whether he will seek a forfeiture jury determination. *See* Rule 32.2(b)(5)(A). The United States will not request a jury determination.

**A. Specific Asset**

Upon a party's timely request, the jury may be charged to make a determination as to whether the United States has established the requisite

[2] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

nexus between the specific property it alleges is subject to forfeiture and the violation charged in the count of conviction. *See* Rule 32.2(b)(5).

It is not necessary for the jury to determine the extent of the defendant's interest in the property, as that issue is decided in an ancillary proceeding, if necessary. It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offenses for which the defendant was found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence. *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment

beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*). The United States Court of Appeals for the Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.")

Even where the jury right is invoked with regard to forfeiture of property, ultimately it is the Court that orders the forfeiture. Thus, if a defendant seeks a jury determination on the specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture. *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste,* 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S.

833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence.  Here, the portion of the Superseding Indictment entitled "Forfeiture" merely provide the defendant with the required statutory notice that the United States seeks to forfeit their property in accordance with the applicable statute.  *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*.  For the reasons stated above, the portion of the Superseding Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided.  Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

Should the defendant request a jury determination on the forfeiture of the specific asset, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed jury instructions and special verdict form, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

## III. Conclusion

In conclusion, should the defendant request a jury determination on the forfeiture after conviction pursuant to Rule 32.2(b)(5) and the Court determine that such a determination is required, the government requests that the Court:

(1) instruct the jury on the issue of forfeiture only *after* the jury has returned a guilty verdict on any or all of Counts One through Six of the Superseding Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4) provide the jury with the special verdict forms as proposed by the United States.

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *s/Charles D. Schmitz*
CHARLES D. SCHMITZ
Assistant United States Attorney
USAO No. 159
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: charles.schmitz@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Charles D. Schmitz*
CHARLES D. SCHMITZ
Assistant United States Attorney