UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:17-cr-136-FtM-38MRM

ROMEO VALENTIN SANCHEZ

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Romeo Valentin Sanchez's oral Rule 29 motion, which he raised at the close of the Government's case. The Court denied the motion as to Counts 1 – 6 from the bench but reserved ruling on Count 7. The jury has since returned a verdict of guilty on all counts. (Doc. 134).

Count 7 charged Sanchez with committing a felony offense involving a minor while he was required to register as a sex offender under the laws of the United States and the State of Florida. (Doc. 71). Sanchez moved for acquittal, arguing that while the Government proved he *did* register as a sex offender, it failed to show that he was *required* to do so. The Court disagrees.

During the trial, the Government produced a Court Martial Order (Gov. Exhibit 57) and a Notice of Release/Acknowledgment of Conviction (Gov. Exhibit 184), showing that Sanchez was convicted of indecent conduct in violation of Article 120(k) of the Uniform Code of Military Justice in 2011.[2] Under Department of Defense Instruction No. 1325.07

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Congress later repealed subsection (k) in an amendment to 10 U.S.C. § 920.

and the Sex Offender Registration and Notification Act (SORNA), service members convicted of Article 120(k) offenses are required to register with the appropriate authority where they reside. See 10 U.S.C. § 951 NOTE and 34 U.S.C. § 20911(5)(A)(iv). At the time of his conviction, Sanchez lived in Massachusetts and was required to register there, an obligation Sanchez acknowledged in Gov. Exhibit 184. See 34 U.S.C. § 20913(a). And Federal law required him to update his registration when he moved to Florida. 34 U.S.C. § 20913(c). Because Sanchez was designated a sex offender under Federal law and thus required to register in Massachusetts, Florida law also required him to register after his move.[3] Fla. Stat. § 943.0435(1)(h)(1)(b). The Government thus presented enough evidence to sustain a conviction for Count 7.

Accordingly, it is now

**ORDERED:**

Defendant Romeo Valentin Sanchez's oral Rule 29 motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this February 26, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[3] The Government also argued that Sanchez was required to register under Fla. Stat. § 943(1)(h)(1)(a), which applies when a person is convicted in another jurisdiction of a crime similar to an enumerated Florida sex crime. But under Florida precedent, Article 120(k) is not "similar" to any of the enumerated Florida offenses. So the Count 7 could only proceed under Fla. Stat. § 943(1)(h)(1)(b), a conclusion reflected in the Court's instructions to the jury.